KAREN L. LOEFFLER
United States Attorney

John A. Fonstad, Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska   99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
john.fonstad@usdoj.gov
Alaska Bar No. 1401005

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EMMA NASH, as Personal Representative of the ESTATE OF ELIZABETH NASH,<br><br>    Plaintiff,<br><br> vs.<br><br>UNITED STATES OF AMERICA[1] and SHANNON PATRICK GARITTY, MD,<br><br>    Defendants. | Case No. 3:16-CV-00290-SLG<br><br>**MOTION TO DISMISS ALL CLAIMS AGAINST THE UNITED STATES FOR LACK OF ADMINISTRATIVE EXHAUSTION** |

---

[1]   The United States should be substituted as the named defendant in place of (1) Ryan R. Gerry, MD, (2) Kathryn A. Lewis, RN, (3) Kim Derr-Oberlies, RN, and (4) Jennifer M. Vaden, CNA.   28 U.S.C. § 2679(d)(2).

Defendant, United States of America, through counsel, and pursuant to pursuant to Federal Rule of Civil Procedure 12(b)(1), moves to dismiss the Plaintiff's complaint against the United States because she has failed to exhaust her administrative remedies, a jurisdictional prerequisite to filing a lawsuit against the United States for a tort.

The Plaintiff sued (1) Ryan R. Gerry, MD, (2) Shannon Patrick Garrity, MD, (3) Kathryn A. Lewis, RN, (4) Kim Derr-Oberlies, RN, and (5) Jennifer M. Vaden, CNA, in Alaska state court for the tort of negligent and reckless provision of medical care provided at the Alaska Native Medical Center. *See* Compl. [Dkt. 1-1]. The U.S. Attorney certified that (1) Ryan R. Gerry, MD, (2) Kathryn A. Lewis, RN, (3) Kim Derr-Oberlies, RN, and (4) Jennifer M. Vaden, CNA were acting within the scope of their employment with the Alaska Native Tribal Health Consortium (ANTHC), an Alaska Native tribal organization that operates the Alaska Native Medical Center under a compact and agreement with the federal Department of Health and Human Services (DHHS), pursuant to Pub.L. 93-638. *See* Certification [Dkt. 3]. As a result, the United States removed this lawsuit to federal court pursuant to 28 U.S.C. § 2679(d)(2). *See* Notice of Removal [Dkt. 1].

The United States, which is substituted for its employees as to Plaintiff's claims pursuant to 28 U.S.C. § 2679(d)(2), now moves to dismiss

Plaintiff's complaint against it for failure to exhaust administrative remedies. Plaintiff filed an administrative claim with the United States Department of Health and Human Services on October 12, 2016 (Ex. A), but that claim has not been denied and the six-month time period for agency review has not elapsed. See 28 U.S.C. § 2675.

All claims against the United States should be dismissed because Plaintiff filed this suit before the expiration of the statutory administrative review period. The requirement that a party file an administrative claim before filing an action under the Federal Tort Claims Act (FTCA) arises from 28 U.S.C. § 2675(a), which provides in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

The requirement of an administrative claim is jurisdictional. See *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). Because the requirement is jurisdictional, it "must be strictly adhered to. This is

particularly so since the FTCA waives sovereign immunity." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992) (affirming dismissal of suit filed less than five months after filing of administrative claim).

"Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions." *McNeil v. United States*, 508 U.S. 106, 112 (1993) (affirming dismissal when administrative claim was filed four months after lawsuit). "The statutory procedure is clear." *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974) (no jurisdiction to entertain suit filed four months after claim submitted to agency). The "claim requirement of section 2675 is jurisdictional in nature and may not be waived." *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985).

WHEREFORE, Defendant United States respectfully requests that the Court dismiss Plaintiff's complaint against the United States, without prejudice.

RESPECTFULLY SUBMITTED this 27th day of December, 2016, in Anchorage, Alaska.

        KAREN L. LOEFFLER
        United States Attorney

        s/John A. Fonstad
        Assistant U.S. Attorney
        Attorney for Defendant

**CERTIFICATE OF SERVICE**
I hereby certify that on December 27, 2016,
a copy of the foregoing was served via ECF on:

Margaret Simonian
Dillon & Findley, PC
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
meg@dillonfindley.com
Counsel for Plaintiff

s/John A. Fonstad
Assistant United States Attorney

*Nash v. United States, et al.*     -5-
Case No. 3:16-cv-00290-SLG