Margaret Simonian
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 200
Anchorage, AK  99501
Phone 277-5400
Fax   277-9896
Email:  meg@dillonfindley.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| EMMA NASH, as Personal Representative of the ESTATE OF ELIZABETH NASH,<br><br>          Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; ALASKA NATIVE TRIBAL HEALTH CONSORTIUM d/b/a ALASKA NATIVE MEDICAL CENTER; and SHANNON PATRICK GARITTY, M.D.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:16-cv-00290-SLG |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES plaintiff, through counsel, the law office of Dillon & Findley, P.C., and for its respective causes of action, alleges as follows:

1.   Plaintiff Emma Nash, the personal representative of the Estate of Elizabeth Nash, brings this action on behalf of

PL.'S FIRST AMENDED COMPLAINT
*Emma Nash, et al. v. USA, ANMC and Shannon Patrick Garitty, M.D.*
Case No. 3:16-cv-00290-SLG
Page 1 of 12

the Estate of Elizabeth Nash. Elizabeth Nash was during all relevant times herein, a resident of Point Hope, Alaska.

2. This cause of action arises under the Federal Tort Claims Act 28 U.S.C. § 1346, 2401 and 2671 *et seq*.

3. This complaint alleges negligence on the part of the Alaska Native Tribal Health Consortium d/b/a Alaska Native Medical Center; Ryan R. Gerry, MD; Shannon Patrick Garitty, M.D.; Kathryn A. Lewis, RN; Kim Derr-Oberlies, RN; and Jennifer M. Vaden, CNA.

4. Alaska Native Tribal Health Consortium d/b/a Alaska Native Medical Center ("Alaska Native Medical Center") during all relevant times alleged herein was part of the U.S. Department of Health & Human Services ("DHHS") and/or operating under a contract with the DHHS. Therefore, under 25 U.S.C. § 450f, the United States is the proper defendant concerning allegations of negligence on the part of the Alaska Native Medical Center.

5. Ryan R. Gerry, M.D. is a medical doctor licensed by the State of Alaska and was employed by or an agent of the Alaska Native Medical Center, during all relevant times alleged herein, as admitted by the U.S. Government's Certification at Docket 3.

PL.'S FIRST AMENDED COMPLAINT
*Emma Nash, et al. v. USA, ANMC and Shannon Patrick Garitty, M.D.*
Case No. 3:16-cv-00290-SLG
Page 2 of 12

6. Kathryn A. Lewis, R.N. is a registered nurse licensed by the State of Alaska and was employed by or an agent of the Alaska Native Medical Center, during all relevant times alleged herein, as admitted by the U.S. Government's Certification at Docket 3.

7. Kim Derr-Oberlies, R.N. is a registered nurse licensed by the State of Alaska and was employed by or an agent of the Alaska Native Medical Center, during all relevant times alleged herein, as admitted by the U.S. Government's Certification at Docket 3.

8. Jennifer M. Vaden, C.N.A. is a certified nurse aide licensed by the State of Alaska and was employed by or an agent of the Alaska Native Medical Center, during all relevant times alleged herein, as admitted by the U.S. Government's Certification at Docket 3.

9. Defendant Shannon Patrick Garitty, M.D. is a medical doctor who was in a resident program sponsored by the Alaska Native Medical Center according to licensing by the State of Alaska and has been, during all relevant times alleged herein, a resident of Anchorage, Alaska.

10. On or about October 12, 2016, the claims set forth herein were presented to the DHHS. Since that agency has failed

PL.'S FIRST AMENDED COMPLAINT
*Emma Nash, et al. v. USA, ANMC and Shannon Patrick Garitty, M.D.*
Case No. 3:16-cv-00290-SLG
Page 3 of 12

Case 3:16-cv-00290-SLG   Document 24   Filed 05/23/17   Page 3 of 12

to make a final disposition of the claim within the six month time period, plaintiff deems such failure to be a denial of its claims pursuant to 28 U.S.C. § 2675.

## FACTUAL BACKGROUND

11. On October 17, 2014, Elizabeth Nash was t-boned by a midsized SUV that ran a stop sign while riding in a taxi with her daughter and grandson. The cab was significantly damaged. All three were transported to Alaska Native Medical Center by ambulance; Ms. Nash arrived at about 8:08 p.m.

12. The triage record described the motor vehicle crash as major.

13. Portable chest and pelvis x-rays taken at about 8:35 p.m. revealed rib fractures on the right said with a right side apical pneumothorax, and right radius fracture of her arm. Ms. Nash was given an intravenous morphine drip for her pain.

14. After arrival a series of tests were ordered for Ms. Nash, including CT of her head, spine, abdomen and pelvis, but then cancelled. These tests were never performed.

15. Ms. Nash had significantly elevated blood pressures during her ambulance transport. Her initial blood pressure at the Alaska Native Medical Center was hypotensive at 95/64. After that her blood pressures were consistently hypertensive.

PL.'S FIRST AMENDED COMPLAINT
*Emma Nash, et al. v. USA, ANMC and Shannon Patrick Garitty, M.D.*
Case No. 3:16-cv-00290-SLG
Page 4 of 12

Case 3:16-cv-00290-SLG   Document 24   Filed 05/23/17   Page 4 of 12

Including pressures like 172/112. Ms. Nash had a respiratory rate of 20 and she was experiencing intermittent tachycardia.

16. Ms. Nash was examined by a resident, Dr. Shannon Patrick Garitty, and Dr. Ryan Gerry. Dr. Garitty and Dr. Ryan's dictated note acknowledge the fractures detected by the plain film x-rays, and determined there was no respiratory compromise. There was a decision to admit for observation. That note was dictated at 9:48 p.m., with vitals taken at 8:43 p.m.

17. Ms. Nash remained in the emergency room. She was periodically checked by nurses. Ms. Nash's vital signs remained concerning. At 9:42 p.m., Ms. Nash developed a fever and was given acetaminophen. At 11:00 p.m., Ms. Nash was tachycardic with a heart rate of 104, an elevated respiratory rate of 24, and a BP of 163/96. At midnight, she was noted to have a cough with secretions and she remained on oxygen with 6 to 2 liters of oxygen during this time. Her vitals were next checked at 1:00 a.m. when Ms. Nash remained tachycardic, her respiratory rate worsened from 24 to 28, her blood pressure worsened to 168/110. The last recorded vital signs were taken at 1:00 a.m. Ms. Nash was also experiencing nausea. Ms. Nash was also receiving I.V. fluids.

PL.'S FIRST AMENDED COMPLAINT
*Emma Nash, et al. v. USA, ANMC and Shannon Patrick Garitty, M.D.*
Case No. 3:16-cv-00290-SLG
Page 5 of 12

18. At some point around 2:00 a.m. the resident, Dr. Garitty, provided more orders, including a CBC and chemical blood work panel, and anti-nausea medication. There is no documentation supporting why Dr. Garitty made these new orders. There is no documentation that Dr. Garitty evaluated Ms. Nash before amending the order. There is no documentation that the nurses communicated with Dr. Garitty at this time.

19. Ms. Nash's blood work came back at 2:11 a.m. and showed a marked increase in her white blood cell count from results received after she arrived earlier in the evening. There were also other concerning and worsening results from her previous panel.

20. At 3:15 a.m., nurse Kim E. Derr-Oberlies approached Ms. Nash and found her unresponsive.

21. A code was called and resuscitation was attempted for 16 minutes. Ms. Nash remained asystole the entire time. She was pronounced dead at 3:31 a.m.

22. There are two nursing notes entered by Ms. Derr-Oberlies relating to Ms. Nash. Both were entered after Ms. Nash's death, one at 5:10 a.m. and an amendment at 5:42 a.m. In those notes, Ms. Derr-Oberlies documents events that were not documented before Ms. Nash's death. Ms. Derr-Oberlies documents

PL.'S FIRST AMENDED COMPLAINT
*Emma Nash, et al. v. USA, ANMC and Shannon Patrick Garitty, M.D.*
Case No. 3:16-cv-00290-SLG
Page 6 of 12

that Ms. Nash vomited "@300," which appears to be a typo, and she documents providing anti-nausea medication at 2:18 a.m. Ms. Derr-Oberlies documents calling Dr. Garitty at 2:30 a.m. "to inform him of the patient's high blood pressure of 168/110 and 168/111 to which he ordered a one time dose of Metorpolol [sic] 5 mg IVP, once Pharmacy had cleared the medicaiton [sic], I approached the patient at 0315 and found her unresponsive . . . ."

23. Ms. Derr-Oberlies also documents that a different nurse, Karl Wade, went into his patient's room at 3:54 a.m. to give them medication and heard Ms. Nash cough.

24. Ms. Nash was unresponsive from 3:15 a.m. until she was pronounced dead at 3:31 a.m.

25. Thirty-two minutes later, Ms. Derr-Oberlies amended this entry to say Mr. Wade was in his patient's room and heard Ms. Nash cough at 2:54 a.m.

26. An autopsy revealed that Ms. Nash had an aortic dissection that caused a cardiac tamponade which is a consequence of the blunt trauma she experienced in the motor vehicle crash.

PL.'S FIRST AMENDED COMPLAINT
*Emma Nash, et al. v. USA, ANMC and Shannon Patrick Garitty, M.D.*
Case No. 3:16-cv-00290-SLG
Page 7 of 12

Case 3:16-cv-00290-SLG   Document 24   Filed 05/23/17   Page 7 of 12

## COUNT I

Plaintiff re-alleges paragraphs 1 through 26 as if fully set forth herein, and further alleges as follows:

27. Federal employee Ryan R. Gerry, M.D. owed a duty to plaintiff Elizabeth Nash to assess, diagnose and treat her after a major motor vehicle accident with the degree of care and/or knowledge or skill possessed by or ordinarily exercised by medical doctors trained or experienced in the field of emergency medicine.

28. Dr. Gerry either lacked the degree of knowledge or skill or failed to exercise the degree of care possessed by or ordinarily exercised by medical doctors trained or experienced in the field of emergency medicine and acted in a negligent and/or reckless manner in the care provided to Ms. Nash as described above.

29. Dr. Gerry negligently and/or recklessly provided emergency care to Ms. Nash, which was a cause of her death.

## COUNT II

Plaintiff re-alleges paragraphs 1 through 29 as if fully set forth herein, and further alleges as follows:

30. Defendant Shannon Patrick Garitty, M.D. owed a duty to plaintiff Elizabeth Nash to assess, diagnose and treat her after

PL.'S FIRST AMENDED COMPLAINT
*Emma Nash, et al. v. USA, ANMC and Shannon Patrick Garitty, M.D.*
Case No. 3:16-cv-00290-SLG
Page 8 of 12

Case 3:16-cv-00290-SLG   Document 24   Filed 05/23/17   Page 8 of 12

a major motor vehicle accident with the degree of care and/or knowledge or skill possessed by or ordinarily exercised by medical doctors trained or experienced in the field of emergency medicine.

31. Dr. Garitty either lacked the degree of knowledge or skill or failed to exercise the degree of care possessed by or ordinarily exercised by medical doctors trained or experienced in the field of emergency medicine and acted in a negligent and/or reckless manner in his care provided to Ms. Nash as described above.

32. Dr. Garitty negligently and/or recklessly provided emergency care to Ms. Nash, which was a cause of her death.

## COUNT III

Plaintiff re-alleges paragraphs 1 through 32 as if fully set forth herein, and further alleges as follows:

33. Federal employee healthcare providers, Kathryn A. Lewis, R.N., Kim Derr-Oberlies, R.N., and Jennifer M. Vaden, C.N.A., owed a duty to plaintiff Elizabeth Nash to assess, monitor, communicate Ms. Nash's condition to the appropriate healthcare provider, and treat Ms. Nash's condition with the degree of care and/or knowledge or skill possessed by or

PL.'S FIRST AMENDED COMPLAINT
*Emma Nash, et al. v. USA, ANMC and Shannon Patrick Garitty, M.D.*
Case No. 3:16-cv-00290-SLG
Page 9 of 12

Case 3:16-cv-00290-SLG   Document 24   Filed 05/23/17   Page 9 of 12

ordinarily exercised by nurses or healthcare providers trained or experienced in the field of emergency medicine.

34. Federal employee healthcare providers, Kathryn A. Lewis, R.N., Kim Derr-Oberlies, R.N., and Jennifer M. Vaden, C.N.A., either lacked the degree of knowledge or skill or failed to exercise the degree of care possessed by or ordinarily exercised by nurses or healthcare providers trained or experienced in the field of emergency medicine and acted in a negligent and/or reckless manner in the care provided to Ms. Nash as described above.

35. Federal employee healthcare providers, Kathryn A. Lewis, R.N., Kim Derr-Oberlies, R.N., and Jennifer M. Vaden, C.N.A., negligently and/or recklessly provided emergency care to Ms. Nash, which was a cause of her death.

### COUNT IV

Plaintiff re-alleges paragraphs 1 through 35 as if fully set forth herein, and further alleges as follows:

36. Alaska Native Medical Center and Dr. Ryan Gerry owed a duty to plaintiff Elizabeth Nash to properly supervise, train, and/or oversee the treatment provided by Dr. Shannon P. Garitty while acting as a resident at the Alaska Native Medical Center as either an employee, borrowed servant, dual employee or agent.

PL.'S FIRST AMENDED COMPLAINT
*Emma Nash, et al. v. USA, ANMC and Shannon Patrick Garitty, M.D.*
Case No. 3:16-cv-00290-SLG
Page 10 of 12

Case 3:16-cv-00290-SLG   Document 24   Filed 05/23/17   Page 10 of 12

37. Alaska Native Medical Center and/or Dr. Gerry failed to properly supervise, train and/or oversee the treatment provided by Dr. Garitty. That failure proximately caused Ms. Nash's death.

WHEREFORE, plaintiff prays for relief as follows:

1. For compensatory damages, in excess of $100,000.00, the exact amount to be proven at trial, including, but not limited to, compensation for the wrongful death of Elizabeth Nash; for economic and noneconomic losses to the Estate of Elizabeth Nash, including compensation for pain and suffering experienced, loss of services, and for loss of enjoyment of life;

2. For costs, attorney's fees, and pre-judgment interest; and

3. For such other and further relief as the Court deems just and proper.

DATED this 23rd day of May 2017, at Anchorage, Alaska.

DILLON & FINDLEY, P.C.
Attorneys for Plaintiff

By: s/Margaret Simonian
    Margaret Simonian, ABA No. 9901001
    1049 W. 5th Avenue, Suite 200
    Anchorage, Alaska  99501
    Phone:  277-5400
    Fax:    277-9896
    Email:  meg@dillonfindley.com

PL.'S FIRST AMENDED COMPLAINT
*Emma Nash, et al. v. USA, ANMC and Shannon Patrick Garitty, M.D.*
Case No. 3:16-cv-00290-SLG
Page 11 of 12

Case 3:16-cv-00290-SLG   Document 24   Filed 05/23/17   Page 11 of 12

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2017 a copy of the foregoing Plaintiff's First Amended Complaint was served electronically through the CM/ECF system on John A. Fonstad and John J. Tiemessen.

s/Margaret Simonian

PL.'S FIRST AMENDED COMPLAINT
*Emma Nash, et al. v. USA, ANMC and Shannon Patrick Garitty, M.D.*
Case No. 3:16-cv-00290-SLG
Page 12 of 12